UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH CUNNINGHAM, JR.; and KATHY CUNNINGHAM,<br><br>Plaintiffs,<br><br>v.<br><br>SELECT PORTFOLIO SERVICING, INC.; and DOES 1-10, inclusive,<br><br>Defendants. | No. 2:19-cv-01096-TLN-DB<br><br>**MEMORANDUM AND ORDER** |

  Plaintiffs Joseph Cunningham, Jr., and Kathy Cunningham (collectively "Plaintiffs") bring this action against Defendant Select Portfolio Servicing, Inc. ("Defendant") alleging violations of California's Homeowner Bill of Rights ("HBOR"), as well as negligence in the handling of Plaintiffs' loan modification application. (ECF No. 1 at 10.) Plaintiffs filed a Complaint in state court on May 20, 2019, and Defendant removed the action to this Court on June 14, 2019. (ECF No. 1 at 1.) Presently before the Court is Plaintiffs' *Ex Parte* Application for Temporary Restraining Order ("TRO"). (ECF No. 13.) For the reasons set forth below, that application is DENIED.

///

///

///

## I. FACTUAL AND PROCEDURAL BACKGROUND

On March 22, 2005, Plaintiffs purchased the subject property with a loan obtained through Washington Mutual Bank FA. (ECF No. 1 at 12, ¶ 8.) Defendant is the mortgage servicer of Plaintiffs' loan. (ECF No. 1 at 11.) Plaintiffs fell behind on mortgage payments in April 2018. (ECF No. 1 at 13, ¶ 13.) In the fall of 2018, Plaintiffs applied for a loan modification, and Defendant offered Plaintiffs a 12-month "Repayment Plan." (ECF No. 1 at 13, ¶ 14.) Defendant retorts that Plaintiffs rejected the Repayment Plan offer. (ECF No. 14 at 3.) On January 11, 2019, Defendant recorded a Notice of Default against Plaintiffs' interest in the subject property. (ECF No. 1 at 13, ¶ 15.)

On April 12, 2019, Plaintiffs submitted another application for loan modification. (ECF No. 1 at 13, ¶ 17.) Plaintiffs allege they never received a written denial of their application. (ECF No. 1 at 14, ¶ 20; ECF No. 13 at 3.) In opposition, Defendant asserts it sent a letter on April 19, 2019, effectively denying Plaintiffs' application. (ECF No. 14-1 at 2.) Defendant issued a Notice of Trustee's Sale on April 24, 2019, with a sale date scheduled for May 23, 2019. (ECF No. 13 at 3.)

On May 20, 2019, Plaintiffs filed this action in the Superior Court of California for the County of Sacramento. (ECF No. 1 at 10.) Plaintiffs brought claims based on violations of the HBOR, as well as negligence in the handling of Plaintiffs' loan modification application. (ECF No. 1 at 10.) On May 22, 2019, Plaintiffs appeared *ex parte* before the state court seeking a TRO to enjoin the foreclosure sale on grounds that Defendant violated California Civil Code section 2923.6(c). (ECF No. 13 at 3.) The state court granted Plaintiffs' *ex parte* application for TRO. (ECF No. 1 at 66; ECF No. 13 at 3.) The court set the hearing for Plaintiffs' motion for preliminary injunction for June 28, 2019. (ECF No. 1 at 66–67; ECF No. 13 at 3.)

On June 14, 2019, Defendant filed a Notice of Removal with the Eastern District of California. (ECF No. 1.) Plaintiffs allege that at some point Defendant rescheduled the sale date of the subject property to occur on September 19, 2019. (ECF No. 13 at 4.) Plaintiffs filed the present application for TRO on September 16, 2019, to enjoin the foreclosure sale. (ECF No. 13.) Defendant filed a response on September 17, 2019. (ECF No. 14.)

## II. STANDARD OF LAW

A temporary restraining order is an extraordinary remedy. The purpose of a temporary restraining order is to preserve the status quo pending a fuller hearing. *See* Fed. R. Civ. P. 65. In general, "[t]emporary restraining orders are governed by the same standard applicable to preliminary injunctions." *Aiello v. One West Bank*, No. 2:10-cv-0227- GEB-EFB, 2010 WL 406092 at *1 (E.D. Cal. Jan. 29, 2010) (internal citations omitted); *see also* L.R. 231(a).

Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)). "The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981); *see also Costa Mesa City Emps. Ass'n v. City of Costa Mesa*, 209 Cal. App. 4th 298, 305 (2012) ("The purpose of such an order is to preserve the status quo until a final determination following a trial."); *GoTo.com, Inc. v. Walt Disney, Co.*, 202 F.3d 1199, 1210 (9th Cir. 2000) ("The status quo ante litem refers not simply to any situation before the filing of a lawsuit, but instead to the last uncontested status which preceded the pending controversy.").

"A plaintiff seeking a preliminary injunction must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter*, 555 U.S. at 20. A plaintiff must "make a showing on all four prongs" of the *Winter* test to obtain a preliminary injunction. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). In evaluating a plaintiff's motion for preliminary injunction, a district court may weigh the plaintiff's showings on the *Winter* elements using a sliding-scale approach. *Id.* A stronger showing on the balance of the hardships may support issuing a preliminary injunction even where the plaintiff shows that there are "serious questions on the merits . . . so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.* Simply put, Plaintiffs must demonstrate, "that [if] serious questions going to the merits were raised [then] the balance of hardships [must] tip[ ] sharply" in Plaintiffs' favor in

order to succeed in a request for preliminary injunction. *Id.* at 1134–35.

**III. ANALYSIS**

Defendant argues that the Court should deny Plaintiffs' TRO application because Plaintiffs "created the instant crisis" by waiting too late to seek relief. (ECF No. 14 at 5.)

Eastern District of California Local Rule 231(b) provides that "the Court will consider whether the applicant could have sought relief by motion for preliminary injunction at an earlier date without the necessity for seeking last-minute relief by motion for temporary restraining order." Should the Court find such a delay, the Court may deny the requested TRO on those grounds alone. L.R. 231(b).

Here, Plaintiffs were aware that Defendant recorded a Notice of Default against Plaintiffs' interest in the subject property on January 11, 2019. (ECF No. 1 at 13, ¶ 15.) Plaintiffs were also aware that Defendant issued a Notice of Trustee's Sale on April 24, 2019, which listed the initial sale date as May 23, 2019. (ECF No. 13 at 3; ECF No. 13-2 at 21–22.) Moreover, Plaintiffs note that Defendant rescheduled the sale at least once before, to July 18, 2019. (ECF No. 13 at 4.) Yet Plaintiffs did not seek a TRO until September 16, 2019, only two business days before the current sale date.

Plaintiffs' counsel states, "Plaintiffs did not see the need to again seek injunctive relief because there was no sale scheduled to occur in August of 2019." (ECF No. 13-3 at 2; ECF No. 15 at 2.) Nowhere in the record is there any information about when Defendant gave Plaintiffs notice of the current sale date of September 19, 2019. However, California law requires that such notice be given at least 21 days in advance of the sale, and there is no indication that Defendant failed to give Plaintiffs such notice. *See* Cal. Civ. Code § 2924.8.

Indeed, Plaintiffs do not claim inadequate notice of the current sale date, nor do they claim that they were somehow prevented from seeking a preliminary injunction earlier. Plaintiffs mention previous attempts to postpone the scheduled sale, and a paralegal for Plaintiffs' counsel submitted a declaration stating that he spoke to Defendant's counsel and requested a voluntary postponement of the sale on September 10, 2019. (ECF No. 13-1 at 1; ECF No. 13-5 at 2, ¶ 3.) However, Plaintiffs' efforts to convince Defendant to postpone the sale do not excuse their failure

4

to seek a preliminary injunction sooner.  For the foregoing reasons, the Court exercises its discretion under Local Rule 231(b) to deny Plaintiffs' application for last-minute relief.  *See Mammoth Specialty Lodging, LLC v. We-Ka-Jassa Inv. Fund, LLC*, No. CIV-S10-0864-LKK-JFM, 2010 WL 1539811, at *2 (E.D. Cal. Apr. 16, 2010) (denying a TRO application solely based on Local Rule 231(b) because "plaintiff did not file the motion until four business days before the scheduled foreclosure sale"); *Avila v. Citi Mortg. Inc.*, No. 1:17-cv-1581-LJO-BAM, 2017 WL 5871473, at *1 (E.D. Cal. Nov. 29, 2017) (finding it appropriate to deny plaintiff's TRO request under Local Rule 231(b) because plaintiff received ample notice of foreclosure sale and failed to "explain why he waited until the last possible moment to attempt to block the sale.")

Therefore, the Court DENIES Plaintiffs' Application for TRO.  (ECF No. 13.)

### IV. CONCLUSION

For the reasons set forth above, Plaintiffs' *Ex Parte* Application for Temporary Restraining Order, (ECF No. 13), is DENIED.

IT IS SO ORDERED.

Dated: September 18, 2019

Troy L. Nunley
United States District Judge